UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TANEIKE Y. CAMPBELL,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

LEADING EDGE RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

# CLASS ACTION COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC, placed telephone calls and sent letters into this District.

## PARTIES

3.      Plaintiff, TANEIKE Y. CAMPBELL, is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.      Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC ("LEADING EDGE"), is a limited liability company, all its members are citizens of either the State of Illinois or the State of Missouri with its principal place of business at Suite 300, 5440 North Cumberland Avenue, Chicago, Illinois 60656

5.      Defendant, LEADING EDGE, regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

6.      Defendant, LEADING EDGE, regularly collects or attempts to collect debts for other parties.

7.      Defendant, LEADING EDGE, is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

8.      Defendant, LEADING EDGE, sought to collect from Plaintiff an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

9.      Defendant, LEADING EDGE, left the following messages on Plaintiff's voice mail on her cellular telephone on or about the dates stated:

> April 13, 2010 at 12:43 PM – Pre-Recorded Message
> Hello, this is Vincent Grey.  Please press 1 at any time during this message to be connected to a representative, or please return my call at 1-866-941-

2

9695.  Again this is Vincent Grey, if you could please return my call at 1-866-941-9695.  Thank you.

<u>May 6, 2010 at 1:53 PM – Pre-Recorded Message</u>
Hello, this is Vincent Gray.  Please press 1 at any time during this message to be connected to a representative, or please return my call at 1-866-941-9695.  Again this is Vincent Gray, if you could please return my call at 1-866-941-9695.  Thank you.

<u>May 13, 2010 at 2:33 PM – Pre-Recorded Message</u>
Hello, this is Paul Black.  Please press 1 at any time during this message to be connected to a representative, or please return my call at 1-877-865-9750.  Again this is Paul Black, please return my call at 1-877-865-9750.  Thank you.

<u>June 1, 2010 at 4:03 PM – Pre-Recorded Message</u>
Hello, this is Paul Black.  Please press 1 at any time during this message to be connected to a representative, or please return my call at 1-877-865-9750.  Again this is Paul Black, please return my call at 1-877-865-9750.  Thank you.

<u>June 19, 2010 at 8:41 AM – Pre-Recorded Message</u>
Hello, this is Paul Black.  Please press 1 at any time during this message to be connected to a representative, or please return my call at 1-877-865-9750.  Again this is Paul Black, please return my call at 1-877-865-9750.  Thank you.

10. The foregoing pre-recorded telephone messages are uniform pre-recorded messages that Defendant used to collect debts from consumers.

11. Defendant, LEADING EDGE, failed to inform Plaintiff in the messages that the communication was from a debt collector, failed to disclose the purpose of Defendant's messages and failed to disclose its name.

12. Plaintiff initially believed Defendant was attempting to collect a debt she owed but has since determent that she is not indebted with respect to the alleged debt and that it is a debt actually due a Mavel Sam.

13. Plaintiff does not know Mavel Sam and is not liable for the debt of Mavel Sam.

14. It is harassing to telephone a person who does not owe debts and then require the non-obligated party to listen to and respond to repetitive automated telephone messages to the person's cellular telephone when that person has not consented to such messages.

15. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Plaintiff's cellular telephone.

16. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

17. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

18. Plaintiff incorporates Paragraphs 1 through 17.

19. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys.*, 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S.

4

Dist. LEXIS 47953 (M. D. Fla. 2006) and *Leyse v. Corporate Collection Servs.*, 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

20.     Plaintiff incorporates Paragraphs 1 through 17.

21.     Defendant placed telephone calls to Plaintiff without making meaningful disclosure of its identity when it failed to disclose its name and the purpose of its communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group, Inc*., Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.*, 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.*, 387 F. Supp. 2d 1104 (D. Cal. 2005).

22.     Plaintiff has standing to bring this claim. See Order Granting, in Part, and Denying, in Part, Motions for Summary Judgment (DE 118), *Drossin v. National Action Financial Services, Inc.,* Case No.: 07-61873-Civ-Dimitrouleas (S.D. Fla., August 7, 2009) and Order Granting in Part and Denying in Part Motions for Summary Judgment (DE 42), *Bryant v. Credit Adjustments, Inc.,* Case No.: 10-61009-Civ-Cohn/Seltzer (S.D. Fla., March 14, 2011).

## COUNT III
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

23.     Plaintiff incorporates Paragraphs 1 through 17.

5

24. Defendant placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

## CLASS ACTION ALLEGATIONS

25. Plaintiff incorporates the foregoing paragraphs.

26. This action is brought on behalf of two classes: an FDCPA class and a TCPA class.

27. The FDCPA class is defined as:

    a. all Florida residents for whom Defendantleft a telephone message in which it failed to disclose that the communication was from a debt collector, its name or the purpose of the call,

    b. in an attempt to collect a debt incurred for personal, family, or household purposes,

    c. then due the creditor of Mavis Sam,

    d. during the one-year period prior to the filing of the complaint.

28. The TCPA class is defined as:

    a. all persons having cellular telephone service with Florida area codes to whom Defendant placed any call using an automatic telephone dialing system or an artificial or prerecorded voice to the recipient's cellular

telephone to which the recipient had not consented, in violation of 47 U.S.C § 227 (b)(1)(A)(iii).

    b.    during the four-year period prior to the filing of the complaint.

29. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

30. As a result of Defendant's willful or knowing violations of 47 U.S.C. § 227 *et seq*, Plaintiff and the TCPA Class Members are entitled to an award of up to $1,000.00 in additional statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

31. Plaintiff alleges on information and belief based on the use of uniform telephone messages that the class is so numerous that joinder of all members is impractical.

32. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. The principal issues are:

    a.    whether Defendant's messages violate the FDCPA

    b.    whether Defendant's messages violate the TCPA and

      c.      whether Defendant is a debt collector.

33.    The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

34.    Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA, actions under the TCPA and class actions. Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

35.    Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

      a.      The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

      b.      A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

WHEREFORE, Plaintiff, TANEIKE A. CAMPBELL, requests that the Court enter judgment in favor of herself and the classes and against Defendant, LEADING EDGE RECOVERY SOLUTIONS, LLC.

      a.      Certification of this matter to proceed as a class action;

      b.      Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA classes;

  c.  Statutory damages pursuant to pursuant to 47 U.S.C. §227(b)(3) for the TCPA class;

  d.  A permanent injunction prohibiting Defendants from placing non-emergency calls to the cellular telephone of any Florida resident using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party;

  e.  Attorney's fees, litigation expenses and costs of suit; and

  f.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      Respectfully submitted,

      DONALD A. YARBROUGH, ESQ.
      Attorney for Plaintiff
      Post Office Box 11842
      Fort Lauderdale, Florida 33339
      Telephone: (954) 537-2000
      Facsimile: (954) 566-2235
      donyarbrough@mindspring.com

      s/Donald A. Yarbrough
      Donald A. Yarbrough, Esq.
      Florida Bar No. 0158658